**Lucille Lang BARDON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee,**

v.

**COPCO REALTY COMPANY, Third-Party Defendant-Appellee.**

**No. 18344.**

United States Court of Appeals Sixth Circuit.

Nov. 13, 1968.

Bruce A. Campbell, Columbus, Ohio, for appellant, Campbell & Boyland, Columbus, Ohio, of counsel.

J. F. Bishop, Dept. of Justice, Washington, D. C., for appellee, Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Robert E. Kopp, Attys., Dept. of Justice, Washington, D. C., Robert M. Draper, U. S. Atty., Columbus, Ohio, on the brief.

Crabbe, Newlon, Bilger, Brown & Jones, Wilbur W. Jones, E. James Hopple, Walker J. Blakey, Columbus, Ohio, on the brief, for third-party defendant-appellee.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiff has appealed from an adverse judgment of the District Court in her action for personal injuries brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, 2674.

Plaintiff slipped and fell on the lobby floor of a building in Columbus, Ohio, which was occupied by the Government under a lease requiring the lessor to keep the premises in a good state of repair and also to provide maintenance service. The lobby floor where plaintiff fell was covered with a smooth asphalt tile.

It was plaintiff's contention that the floor was highly waxed and extremely dangerous to walk on, and that the Government had knowledge of this condition.

The District Judge found from the evidence that it was clear and dry on the day of the accident; and that the lobby floor where plaintiff slipped and fell—

" * * * was clean, unobstructed, dry and covered with a non-skid wax. There is no evidence that an accumulation of wax existed on this floor on this date; nor is there any evidence that the wax on this floor on this date was improper or improperly applied." 294 F.Supp. 798.

Substantial numbers of federal employees and members of the public had walked on this floor on the day of the accident and prior thereto, without reported incident. The floor had been maintained by an independent contractor employed by the lessor.

The District Court concluded that plaintiff had failed to sustain her burden of proof; that the evidence did not establish that the floor was in a dangerously slippery condition at the time of the accident; and that under Ohio law plaintiff was not entitled to recover.

We are of the opinion that there was substantial evidence to support the findings of fact of the District Judge and they are not clearly erroneous. His conclusions of law are correct.

The judgment of the District Court is affirmed.